UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| SARAH R.,[1] | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-cv-00088-MPB-MJD ) |
| KILOLO KIJAKAZI, | ) ) ) |
| Defendant. | ) |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Sarah R. seeks judicial review of the Social Security Administration's ("SSA") decision denying her petition for a Period of Disability and Disability Insurance Benefits ("DIB"). She argues that the Administrative Law Judge ("ALJ") erred by adopting the residual functional capacity ("RFC") assessment made by a prior ALJ, that he failed to evaluate her fibromyalgia in accordance with SSR 12-2p, and that he failed to account for her non-severe impairments in the RFC determination. For the reasons that follow, the Court **REVERSES** and **REMANDS** the Commissioner's decision.

**I.     FACTS AND BACKGROUND**

In December 2020, Plaintiff applied for a Period of Disability and Disability Insurance Benefits, alleging a disability that began in August 2018.[2] (Docket No. 9-5 at ECF pp. 5–6).

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] Plaintiff alleged an onset date in April 2013 in her application, but this date was amended to August 2, 2018—the day after the previous ALJ denial—at the hearing. (Docket No. 9-2 at ECF pp. 42–43)

Plaintiff's application was initially denied on March 2, 2021, and denied again upon reconsideration on June 23, 2021. (Docket No. 9-4 at ECF pp. 3–6, 11–14).

On October 27, 2021, ALJ Michael Worrall held a telephone hearing due to the COVID-19 pandemic. (Docket No. 9-2 at ECF pp. 40–71). On November 17, 2021, he issued a decision concluding that Plaintiff was not disabled under the Social Security Act. (*Id.* at ECF pp. 19–33). After Plaintiff's agency appeal was denied, she appealed the denial of benefits to this Court under 42 U.S.C. § 405(g). (Docket No. 1, Complaint).

In his decision, the ALJ followed the five-step sequential evaluation in C.F.R. § 404.1520(a)(4), and concluded that Plaintiff was not disabled:

- At Step One, Plaintiff had not engaged in substantial gainful activity during the period from her amended alleged onset date of August 2, 2018, through her date last insured of March 31, 2021. (Docket No. 9-2 at ECF p. 21).

- At Step Two, Plaintiff had "the following severe impairments: history of pseudotumor cerebri; migraines; headaches; occipital neuralgia; cervicocranial syndrome; cervical spondylosis; and fibromyalgia." (*Id.*).

- At Step Three, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at ECF p. 25).

- After Step Three but before Step Four, Plaintiff had the RFC through the date last insured of March 31, 2021, "to perform a range of light work (20 CFR 404.1567(b); SSR 83-10). She could lift and carry 20 pounds occasionally and 10 pounds frequently. She could sit, stand, or walk about 6 hours each in an 8-hour workday. She could push and pull as much as she could lift and carry. The claimant should never climb ladders, ropes, or scaffolding. However, she could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to hazards such as work at unprotected heights or around dangerous moving machinery." (*Id.* at ECF p. 27).

- At Step Four, Plaintiff was able to perform past relevant work. (*Id.* at ECF p. 31).

- The ALJ made an alternative Step Five finding, considering through the date last insured and Plaintiff's "age, education, work experience, and residual functional capacity," that there were jobs that existed in significant numbers in the national

economy that the claimant could have performed including marker, router, and office helper. (*Id.* at ECF p. 33).

## II. APPLICABLE LAW

"The Social Security Act authorizes payment of disability insurance benefits . . . to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts." *Id.* at 217. First, it requires an inability to engage in any substantial gainful activity ("SGA"). *Id.* Second, it requires a physical or mental impairment that explains the inability and "has lasted or can be expected to last . . . not less than 12 months." *Id.* "The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Id.*

When an applicant seeks judicial review, the Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir.2003)). In evaluating the evidence, the court gives the ALJ's credibility determinations "considerable deference," overturning them only if they are "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006).

## III. ANALYSIS

Plaintiff argues the ALJ erred by adopting an RFC assessment from a prior administrative proceeding, ignoring new evidence and rejecting the opinions of state medical consultants that

insufficient evidence existed to evaluate Plaintiff's claims. The Court agrees that the ALJ failed to build a logical bridge between the evidence in the record and his RFC determination.

Though an ALJ need not provide a complete evaluation of every piece of evidence in the record, he "must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). The ALJ cannot "overlook entire swaths" of evidence, *Reinaas v. Saul*, 953 F.3d 461, 466 (7th Cir. 2020), and the decision must be sufficiently articulated to provide for meaningful review, *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Here, the ALJ's decision fails to address evidence of Plaintiff's shoulder pain and fails to articulate the reasons for accepting an RFC finding from years earlier while rejecting state medical consultant's opinions.

First, Plaintiff is correct that the ALJ ignored evidence of her shoulder pain. For example, an MRI showed that Plaintiff had a "tear of the subscapularis through which the biceps is subluxed into the joint." (Docket No. 9-7, at ECF p. 318). Similarly, Plaintiff complained of shoulder pain in multiple doctor visits. On September 3, 2019, she reported shoulder pain "especially when trying to lift objects." (*Id.* at ECF p. 416). A few weeks later, she complained her "left shoulder pain is worsening," and she experienced "[p]ain with elevation of [her] left arm." (*Id.* at ECF p. 380). On the first of October, Plaintiff again complained of shoulder pain while working around the house—noticing a popping sensation. (*Id.* at ECF p. 427). On October 17, Plaintiff reported that she was experiencing "constant[]" shoulder pain that was "gradually worsening." (*Id.* at ECF p. 387). The pain was again "[e]xacerbated by: lifting or reaching," though treatment provided "mild" relief. (*Id.*). Finally, in late November 2019, Plaintiff continued to complain of pain resulting from a rotator cuff tear that she was scheduled to have

surgery on. (*Id.* at ECF p. 389). A shoulder injection did not provide any relief of her symptoms. (*Id.*).

Plaintiff did not raise this issue at the hearing and did not claim an impairment based on shoulder pain. However, the ALJ is to consider "impairment[s] that you [the claimant] say you have *or about which we receive evidence*." 20 C.F.R. § 416.912(a) (emphasis added); *see also Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (ALJ's failure to consider evidence of obesity compelled reversal even where claimant did not claim obesity as an impairment). His failure to do so ignored entirely a line of evidence and leaves the Court guessing as to how Plaintiff's RFC may have been impacted were it considered.

It is also notable that the ALJ rejected the opinions of the state agency medical consultants that "there was insufficient evidence to evaluate" Plaintiff's claims. (Docket No. 9-2 at ECF p. 31). The ALJ found the opinions of the doctors not persuasive because: "There was plenty of evidence and they did not provide any assessment." (*Id.*). The ALJ then accepted the RFC limits from a prior administrative decision made years earlier, with the only elaboration being:

> Even though a few years have passed, [the prior ALJ's RFC limits] are most consistent with the overall record. As indicated, the claimant's complaints and testimony regarding the period on and before her date last insured are not very consistent or supported by the medical and other evidence of record[.]

(*Id.*).

While the ALJ certainly did not need to incorporate all his reasoning in a single paragraph, *Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 678-79 (7th Cir. 2010), he needed to build a logical bridge from the evidence to his conclusion. Given Plaintiff's persistent complaints of shoulder pain, MRI imaging of a tear, and the absence of any medical opinion to

5

the contrary, the Court is unable to meaningfully evaluate the ALJ's conclusion that the RFC limits from a prior administrative proceeding should remain unchanged.

When evaluating whether prior administrative medical findings will be applied in future administrative proceedings, the SSA considers five factors: supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 416.920c(c). Plaintiff argues that "[t]he ALJ's decision is completely lacking in any discussion of consistency or supportability in violation of 20 C.F.R. § 416.920c." (Docket No. 13 at ECF p. 13–14). The Commissioner did not respond to Plaintiff's argument, and the Court agrees that the ALJ "did not adhere to the regulations governing the evaluation of physicians' opinions and thus that the record does not support his determination." *Cieszynski v. Kijakazi*, No. 22-2024, 2023 WL 2523499, at *1 (7th Cir. Mar. 15, 2023).

At no point did the ALJ discuss, at minimum, the supportability and consistency factors listed in 20 C.F.R. § 404.1520c. Further, the ALJ adopted the prior ALJ's limits because they were "most consistent with the overall record." (Docket No. 9-2 at ECF p. 31). However, this swift mention of "consistency" does not satisfy the standard set forth under 20 C.F.R. § 404.1520c. "Failure to adequately discuss supportability and consistency requires remand." *Willis v. Acting Comm'r of Soc. Sec.*, No. 3:21-CV-178, 2022 WL 2384031 at *3 (N.D. Ind. July 1, 2022). Accordingly, if on remand the ALJ relies on prior administrative medical findings, the ALJ should discuss the factors set out in 20 C.F.R. § 416.920c(a)—particularly supportability and consistency—when determining the persuasiveness of the medical and psychological consultants' opinions and the prior administrative medical findings.

Because the Court has determined that the ALJ failed to build a logical bridge from the evidence to his conclusion, remand is warranted. *Steele*, 290 F.3d at 941. Accordingly, the Court

need not address Plaintiff's arguments that the ALJ should have evaluated her fibromyalgia in accordance with SSR 12-29 and that the ALJ should have included her non-severe impairments in his RFC determination. See *Masterson v. Astrue*, No. 1:08-cv-01207-LMJ-DML, 2010 WL 1325527, at *7 (S.D. Ind. Mar. 30, 2010).

On remand, the ALJ should also consider the Plaintiff's description of the frequency and duration of her migraines. In his decision, the ALJ states that there is "no consistency in the record as to the frequency or duration of her migraines . . . ." (Docket No. 9-2 at ECF p. 30). However, during the 2021 hearing, Plaintiff stated that there was no change in her migraine condition and that she had "probably about four to five" migraines a month, each lasting "usually a couple days." (*Id*. at ECF p. 56).

### IV.   CONCLUSION

For all these reasons, the Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

**SO ORDERED**.

Dated:  September 30, 2023

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.